SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–240

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| PENNY STROTHER<br>APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION, [No. F406963] |
| V. | |
| LACROIX OPTICAL, MASSACHUSETTS BAY INSURANCE COMPANY, AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND<br>APPELLEES | SUPPLEMENTATION OF THE ADDENDUM ORDERED |

**WAYMOND M. BROWN, Judge**

Appellant appeals from the Arkansas Workers' Compensation Commission's (Commission) reversal of the administrative law judge's (ALJ) finding that appellant was permanently and totally disabled. On appeal, appellant argues that (1) the Commission's reversal was unsupported by substantial evidence and (2) the Arkansas Workers' Compensation Act is unconstitutional in violation of her right to substantive and procedural due process. Because appellant has submitted a brief without a proper addendum in violation of Ark. Sup. Ct. R. 4–2(a)(8)(A)(i),[1] we order appellant to submit a supplemental addendum.

---

[1] (2012).

SLIP OPINION

Rule 4–2(a)(8)(A)(i) requires the addendum to include all items that are essential for the appellate court to understand the case and to decide the issues on appeal, including exhibits such as CDs and DVDs. In its opinion and order reversing the ALJ's findings as to whether appellant was permanently and totally disabled, the Commission relies, in part, on surveillance video of appellant that "showed no apparent difficulties involving claimant's upper extremities or any other part of her body." This video, though in the record, is not in the addendum.

Accordingly, we order appellant to file a supplemental addendum to provide the video exhibit to the members of the court within seven calendar days from the date of this opinion.[2] We strongly encourage appellate counsel, prior to filing the supplemental addendum, to review our rules, as well as the record and addenda, to ensure that no additional deficiencies are present.

Supplementation of the addendum ordered.

HARRISON and WYNNE, JJ., agree.

*Frederick S. "Rick" Spencer*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade* and *Travis J. Fowler*, for appellee.

---

[2]Ark. Sup. Ct. R. 4–2(b)(4).